

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2008

# Bullock v. Dept of Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4608

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bullock v. Dept of Corr" (2008). *2008 Decisions.* Paper 1588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  06-4608

WOODROW N. BULLOCK,

Appellant

v.

DEPARTMENT OF CORRECTIONS; CORRECTIONAL MEDICAL SERVICES;
POWELL, ADMINISTRATOR; SWITAJ, ADMINISTRATOR;
FREEMAN, DR.; JANE DOE, DR.

On appeal from the United States District Court
for the District of New Jersey
District Court No. 01-CV-3245
District Judge: The Honorable Noel L. Hillman

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2008

Before: SLOVITER and SMITH, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed:  February 15, 2008)

OPINION

---

*The Honorable Gustave Diamond, Senior District Judge for the United States
District Court in the Western District of Pennsylvania, sitting by designation.

1

SMITH, *Circuit Judge*.

In July of 2001, Woodrow N. Bullock filed a complaint in the United States District Court for the District of New Jersey against the New Jersey Department of Corrections and numerous other defendants alleging, *inter alia*, that they were deliberately indifferent to his serious medical needs caused by schizophrenia while he was incarcerated in New Jersey's East Jersey State Prison ("EJSP") from August 2000 through March 2001. After discovery closed, the only remaining claim before the District Court was Bullock's deliberate indifference action against Correctional Medical Services, Inc. ("CMS"), a private company that served as the health care provider at EJSP. CMS moved for summary judgment. It did not dispute that Bullock's schizophrenia constituted a serious medical need. CMS asserted, however, that it could not be liable because Bullock's medical care was consistent with the standard of care for patients with Bullock's psychiatric condition. In addition, relying on *Natale v. Camden County Correctional Facility*, 318 F.3d 575 (3d Cir. 2003), CMS pointed out that Bullock had failed to adduce any evidence to establish that CMS had a policy or custom that caused the alleged constitutional violation. The District Court agreed that Bullock had not established a custom or policy and granted summary judgment in favor of CMS. This timely appeal followed.[1]

---

[1]The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. Appellate jurisdiction exists under 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment. *Natale v. Camden County Corr. Facility*, 318 F.3d

2

Bullock contends that the District Court erred because his own deposition testimony "detailed the methodical and pervasive manner in which CMS refused to properly address his serious medical condition." He asserts that, under *Natale,* evidence that a defendant has "turned a blind eye" to an inmate's obvious medical need can be sufficient to demonstrate a policy or custom of deliberate indifference. 318 F.3d at 584.

Bullock fails to appreciate that the record before us does not establish that CMS turned a blind eye to an obvious medical need. To the contrary, the medical records are extensive, documenting continuing care and treatment of his psychiatric symptoms by nurses, psychologists and physicians numerous times each month. Accordingly, we find no error by the District Court in concluding that Bullock failed to establish that CMS had a policy or custom of deliberate indifference to Bullock's serious medical needs.

We will affirm the judgment of the District Court.

575, 580 (3d Cir. 2003).                     3